UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amica Mutual Insurance Company, | ) |
| | ) Civil No. 23-cv-159-WMW-TNL |
| Plaintiff, | ) |
| | ) |
| v. | ) DEFENDANT WASH SYSTEMS, LLC |
| | )     D/B/A WATERWERKS CAR |
| Wash Systems, LLC d/b/a | ) WASH'S ANSWER TO PLAINTIFF'S |
| Waterwerks Car Wash, | )       AMENDED COMPLAINT AND |
| | )        AFFIRMATIVE DEFENSES |
| Defendant. | ) |

## ANSWER

Defendant Wash Systems, LLC d/b/a Waterwerks Car Wash, as for its Answer to Amica Mutual Insurance Company's Amended Complaint, states and alleges as follows:

## GENERAL DENIAL

1. Denies each and every allegation contained in the Amended Complaint except as hereinafter admitted, qualified or otherwise answered.

## THE PARTIES

2. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

3. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

4. Defendant admits only that Thomas R. Londo is a member and manager of Waterwerks and a citizen and resident of the State of Minnesota. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

5.     Defendant admits that Plaintiff's allegations, as alleged, grant jurisdiction pursuant to 28 U.S.C. § 1332. With respect to the allegation contained in Paragraph 4 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff alleges an amount in controversy in excess of $75,000, but denies that Plaintiff is entitled to the relief it seeks.

6.     Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint.

## FACTUAL BACKGROUND

7.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies the same.

8.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, and therefore denies the same.

9.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, and therefore denies the same.

10.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, and therefore denies the same.

11.    Defendant admits only that Jennifer Koehl drove a 2011 Ford Expedition to the Waterwerks Car Wash located at 901 Louisiana Avenue South in Golden Valley, Minnesota. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

12.    Defendant lacks specific information to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and therefore

denies the same. Defendant affirmatively states that the Vehicle involved in the incident was never inspected and there is no evidence that Vivaldo "drove" the Vehicle or if the Vehicle operated because there was a malfunction due to lack of maintenance or other defect that the Koehls knew of or should have known of.

13. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint to the extent they received workers compensation benefits from Defendant's insurer.

14. Defendant lacks specific information to admit or deny the allegations contained in Paragraphs 13-15 of Plaintiff's Amended Complaint and therefore denies the same.

15. With respect to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff sent the alleged correspondences on the alleged dates and states that the correspondences speak for themselves. Defendant specifically denies that Plaintiff is entitled the relief it seeks.

16. With respect to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff sent the alleged letters and states that the letters speak for themselves. Defendant specifically denies that Plaintiff is entitled to the relief it sought.

17. Defendant admits the allegations contained in Paragraphs 18-20 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, and affirmatively states that it was under no obligation to contribute to the settlement.

19. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraphs 22- 23 of Plaintiff's Amended Complaint.

20. Defendant admits the allegations contained in Paragraphs 24-26 of Plaintiff's Amended Complaint and affirmatively states that Amica paid as a volunteer.

## **COUNT I – COMMON LAW INDEMNITY**

21. Defendant realleges and incorporates the responses contained in Paragraphs 1 through 20 herein.

22. Defendant denies the allegations contained in Paragraphs 28 through 30 of Plaintiff's Amended Complaint..

23. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and therefore denies the same.

24. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

25. Defendant denies that Amica is entitled to relief as stated in the "WHEREFORE" section.

26. Defendant specifically denies that Amica is entitled to attorneys' fees as there is no contract or statute that provides for the same.

## **AFFIRMATIVE DEFENSES**

1. Defendant affirmatively alleges that the Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant affirmatively alleges that there has been a failure to join indispensable parties.

3. Defendant affirmatively alleges that Plaintiff's damages, if any, were caused by other parties whom Defendant has no control, nor right of control.

4. Defendant affirmatively alleges that Plaintiff has comparative failure, contributory negligence, and/or otherwise assumed the risk.

5. Defendant affirmatively alleges that Plaintiff's claim may be barred, in whole or in part, because of an intervening or superseding cause.

6. Defendant affirmatively alleges that any conduct or omission by Defendant was not the cause in fact or proximate cause of any damages alleged by Plaintiff.

7. Defendant affirmatively alleges that Plaintiffs may have failed to mitigate their damages.

8. Defendant affirmatively alleges that Plaintiff's damages constitute a voluntary payment.

9. Defendant affirmatively alleges that Plaintiff's claim may be barred by the applicable statute of limitations.

10. Defendant affirmatively alleges that Plaintiff's claim is barred, in whole or in part, based upon the spoliation of evidence.

11. Defendant affirmatively alleges that Plaintiff's claim is barred by the doctrines of laches, waiver, and unclean hands.

12. Defendant affirmatively alleges that there is no contract or statute that entitles Plaintiff to its attorneys' fees.

13. Defendant affirmatively alleges that the procedures relating to a contribution claim as proscribed in Minn. Stat. § 176.061, subd. 11 govern this matter.

14. Defendant affirmatively alleges that, because Plaintiff admits it entered into "*Naig* settlements" the provisions of Minn. Stat. § 176.061 apply to the settlements and Plaintiff's claim against Defendant.

15. Plaintiff's Amended Complaint does not describe the claims made against Defendant with sufficient particularity to enable Defendant to determine all of its defenses to the causes of action alleged against Defendant in Plaintiff's Amended Complaint. Defendant, therefore, reserves the right to assert any and all defenses that may be pertinent to Plaintiff's claim against them.

WHEREFORE, Defendant Wash Systems, LLC d/b/a Waterwerks Car Wash respectfully prays for judgment in favor and against Plaintiff as follows:

1. That the allegations against Defendant Wash Systems be dismissed with prejudice and on the merits;

2. That Plaintiff takes nothing by reason of the allegations set forth in its Amended Complaint;

3. That Defendant Wash Systems be awarded reasonable costs and disbursements herein; and

4. For any further and other legal and equitable relief as deemed proper by the Court.

**JURY TRIAL DEMANDED**

                                  **GROTEFELD HOFFMANN, LLP**

Dated: March 10, 2023                  By  /s/Timothy S. Poeschl
                                                      Timothy S. Poeschl (MN#0312447)
                                                      Meghan M. Rodda (MN #0394983)
                                                      150 South Fifth Street, Suite 3650
                                                      Minneapolis, MN 55402
                                                      Telephone: 612-564-4881
                                                      Fax: 612-326-9996
                                                      tpoeschl@ghlaw-llp.com
                                                      mrodda@ghlaw-llp.com

                                                      *Attorneys for Defendant Wash Systems, LLC*
                                                      *d/b/a Waterwerks Car Wash*